UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| REYNOLDS PRESTO PRODUCTS INC., | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. _____ |
| QUARK DISTRIBUTION INC., | )<br>)<br>) |
| Defendant. | )<br>) |

# COMPLAINT

NOW COMES, by and through its undersigned attorneys, Plaintiff, Reynolds Presto Products Inc. ("Presto"), who alleges as its complaint against Defendant, Quark Distribution Inc. d/b/a Dymapak ("Quark") as follows:

## THE PARTIES

1. Presto is a Delaware corporation having its principal place of business at 1900 West Field Court, Lake Forest, IL 60045.

2. Quark is a New York corporation having its principal place of business at 725 River Road, Suite 213, Edgewater, NJ 07020.

## JURISDICTION AND VENUE

3. This is a matter arising under the patent laws, 35 U.S.C. § 1, *et seq.*, and in particular, for infringement of a patent under 35 U.S.C. § 271 and for invalidity of a patent under 35 U.S.C. §§ 102, 103, and 112.

4. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (patents).

5.     This Court also has jurisdiction to declare the rights of the parties under 28 U.S.C. § 2201(a) because an actual case or controversy exists as to the infringement and validity of U.S. Patent No. 10,011,403 (the "'403 Patent"), U.S. Patent No. 10,011,404 (the "'404 Patent"), and U.S. Patent No. 10,507,959 (the "'959 Patent" and collectively with the '403 Patent and the '404 Patent, "Quark's Asserted Patents"). Specifically, on or about February 19, 2020, Quark sent a cease and desist letter to ePac LLC ("ePac"), a customer of Presto, threatening to bring suit against ePac for infringing Quark's Asserted Patents based at least in part on ePac's use of a closure strip designed and sold by Presto (the "421 Track") in ePac's child resistant packaging ("ePac's Packaging"). A copy of that cease and desist letter is attached as Exhibit A. The threatened action is imminent and real, and there is substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

6.     This Court has general and specific personal jurisdiction over Quark because, *inter alia*, Quark maintains its principal place of business and therefore resides in this District, upon information and belief supplies products in this District, and it is reasonable and fair to subject Quark to jurisdiction in this District. Quark has committed acts of patent infringement within the United States and more particularly, within this District.

7.     Venue is proper in this district under 28 U.S.C. § 1400(b) because Quark maintains its principal place of business and therefore a resides in this District and Quark has committed acts of patent infringement within this District.

## QUARK'S ASSERTED PATENTS

8.     Quark purports to be the owner of the '403 Patent, entitled "Child Resistant Sealing System," which was issued by the United States Patent and Trademark Office ("USPTO") on July 3, 2018. A true and correct copy of the '403 Patent is attached hereto as Exhibit B.

9. Quark purports to be the owner of the '404 Patent, entitled "Child Resistant Sealing System," which was issued by the USPTO on July 3, 2018. The '404 Patent is a continuation of the '403 Patent. A true and correct copy of the '404 Patent is attached hereto as Exhibit C.

10. Quark purports to be the owner of the '959 Patent, entitled "Child Resistant Sealing System," which was issued by the USPTO on December 17, 2019. The '959 Patent is a continuation of U.S. Patent Application No. 15/992,914,[1] which is a continuation of the '404 Patent. A true and correct copy of the '959 Patent is attached hereto as Exhibit D.

## PRESTO'S ASSERTED PATENT

11. Presto is the owner of U.S. Patent No. 10,029,826, entitled "False Flange Child Resistant Closure For Recloseable Pouch And Methods," which was duly and legally issued by the USPTO on July 24, 2018, with an earliest publication date of September 18, 2014 (the "'826 Patent" or "Presto's Asserted Patent"). A true and correct copy of the '826 Patent is attached hereto as Exhibit E.

## QUARK'S ACTS OF INFRINGEMENT

12. Quark manufactures, uses, sells, offers for sale or imports child resistant packages, including "Child Resistant Exit Bags" and "Child Resistant Pouches," including packages which it refers to or has referred to as, *inter alia*, "SAFETYSACK" or "SECURESACK" and which it sells or has sold under the trademark Dymapak™ ("Quark Package").

13. The Quark Package and manufacture thereof practices at least claims 1, 6–8, 12–14 of the '826 Patent.

14. Presto informed Quark that its Quark Package infringes one or more claims of the '826 Patent at least as early as October 2018, both in person and in writing.

---

[1] U.S. Patent Application No. 15/992,914 was abandoned by Quark.

## COUNT I – PRESTO'S NONINFRINGEMENT OF THE '403 PATENT

15. Presto incorporates paragraph 1 through 14 above as if alleged fully herein.

16. Neither Presto nor any Presto customer has infringed or does infringe, directly or indirectly, any valid and enforceable claim of the '403 Patent.

17. The manufacture, use, sale or offer for sale of ePac's Packaging has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '403 Patent.

18. The manufacture, use, sale or offer for sale of Presto's 421 Track has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '403 Patent.

19. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

20. A judicial declaration is necessary and appropriate so that Presto may ascertain its rights regarding the '403 Patent.

## COUNT II – INVALIDITY OF THE '403 PATENT

21. Presto incorporates paragraph 1 through 20 above as if alleged fully herein.

22. Each of the claims of the '403 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 102, 103 and 112.

23. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

24. A judicial declaration is necessary and appropriate so that Presto may ascertain its rights regarding the '403 Patent.

## COUNT III – PRESTO'S NONINFRINGEMENT OF THE '404 PATENT

25. Presto incorporates paragraph 1 through 24 above as if alleged fully herein.

26. Neither Presto nor any Presto customer has infringed or does infringe, directly or indirectly, any valid and enforceable claim of the '404 Patent.

27. The manufacture, use, sale or offer for sale of ePac's Packaging has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '404 Patent.

28. The manufacture, use, sale or offer for sale of Presto's 421 Track has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '404 Patent.

29. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

30. A judicial declaration is necessary and appropriate so that Presto may ascertain its rights regarding the '404 Patent.

### COUNT IV – INVALIDITY OF THE '404 PATENT

31. Presto incorporates paragraph 1 through 30 above as if alleged fully herein.

32. Each of the claims of the '404 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 102. 103 and 112.

33. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

34. A judicial declaration is necessary and appropriate so that Presto may ascertain its rights regarding the '404 Patent.

### COUNT V – PRESTO'S NONINFRINGEMENT OF THE '959 PATENT

35. Presto incorporates paragraph 1 through 34 above as if alleged fully herein.

36. Neither Presto nor any Presto customer has infringed or does infringe, directly or indirectly, any valid and enforceable claim of the '959 Patent.

37. The manufacture, use, sale or offer for sale of ePac's Packaging has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '959 Patent.

38. The manufacture, use, sale or offer for sale of Presto's 421 Track has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '959 Patent.

39. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

40. A judicial declaration is necessary and appropriate so that Presto may ascertain its rights regarding the '959 Patent.

## COUNT V – INVALIDITY OF THE '959 PATENT

41. Presto incorporates paragraph 1 through 40 above as if alleged fully herein.

42. Each of the claims of the '959 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 102, 103 and 112.

43. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

44. A judicial declaration is necessary and appropriate so that Presto may ascertain its rights regarding the '959 Patent.

## COUNT V – QUARK'S INFRINGEMENT OF THE '826 PATENT

45. Presto incorporates paragraph 1 through 44 above as if alleged fully herein.

46. The '826 Patent is valid an enforceable and Presto has the full right to recover for past infringement damages and the right to recover future royalties, damages and income.

47. Presto is the owner, by assignment, of all right, title, and interest in the '826 Patent, including the rights to exclude others and to sue and recover damages for infringement.

48. To the extent any marking or notice was required by 35 U.S.C. § 287, Presto, and all predecessors in interest and/or implied or express licensees of the '826 Patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '826 Patent on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of that patent and/or providing actual or constructive notice of the '826 Patent to Quark.

49. Upon information and belief, Quark has infringed and will continue to infringe, directly and indirectly, at least Claims 1, 6–8, 12–14 of the '826 Patent by, among other activities, making, using, selling or offering to sell in or importing into the United States its recloseable zipper pouches, including but not limited to Quark's products sold as "Child Resistant Exit Bags" and "Child Resistant Pouches," including under the name, "SECURESACK" or "SAFETYSACK," or by contributing to or inducing infringement by, *inter alia*, its customers. Quark is liable for direct and indirect infringement, either literally or under the doctrine of equivalents pursuant to 35 U.S.C. §§ 271(a)–(c).

50. Presto has at no time either expressly or impliedly licensed Quark to practice the '826 Patent.

51. As a direct and proximate consequence of Quark's infringement of the '826 Patent, Presto has suffered irreparable harm, and Presto will continue to suffer irreparable harm in the future unless Quark is enjoined from infringing the '826 Patent.

52. Defendant's acts of infringement have been knowing and willful and with actual knowledge of the '826 Patent and its infringement thereof. Upon information and belief, Quark's continued infringement of the '826 Patent is willful.

## PRAYER FOR RELIEF

WHEREFORE, Presto prays for the following judgment and relief:

a. A judgment declaring that neither Presto nor any Presto customer has infringed, directly or indirectly, any valid or enforceable claim of the '403 Patent;

b. A judgment declaring that neither Presto nor any Presto customer has infringed, directly or indirectly, any valid or enforceable claim of the '404 Patent;

c. A judgment declaring that neither Presto nor any Presto customer has infringed, directly or indirectly, any valid or enforceable claim of the '959 Patent;

d. A judgment declaring that all of the claims of the '403 Patent are invalid;

e. A judgment declaring that all of the claims of the '404 Patent are invalid;

f. A judgment declaring that all of the claims of the '959 Patent are invalid;

g. A judgment declaring that Quark has infringed the '826 Patent;

h. An order preliminarily and permanently enjoining and restraining Quark, it's officers, directors, agents, servants, employees, licensees, attorneys, and all other persons acting under or through them, directly or indirectly, from infringing the '826 Patent;

i. A judgment and order requiring that Quark pay damages under 35 U.S.C. § 284, with prejudgment and post-judgment interest;

j. A declaration that the case is exceptional under 35 U.S.C. § 285 and Quark's infringement has been willful, and a three-fold increase in damages;

k. A judgment and order directing Quark to pay the costs of this action, including all disbursements and attorney fees as provided by 35 U.S.C. § 285 and other equitable powers of the Court, with prejudgment interest ; and

l. Such other and further relief, in law or equity, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

WHEREFORE, Presto hereby demands a trial by jury of all issues so triable.

Dated: February 28, 2020

Respectfully submitted,

By: s/ David E. De Lorenzi

David E. De Lorenzi
**GIBBONS, P.C.**
One Gateway Center
Newark, New Jersey 07102
ddelorenzi@gibbonslaw.com
Ph: (973) 596-4500
Fax: (973) 596-0545declar

**VEDDER PRICE P.C.**
Daniel H. Shulman (*pro hac vice* forthcoming)
John K. Burke (*pro hac vice* forthcoming)
Allison M. Haas (*pro hac vice* forthcoming)
222 N. LaSalle St.
Chicago, Illinois 60601
dshulman@vedderprice.com
jburke@vedderprice.com
ahaas@vedderprice.com
Ph: (312) 609-7500
Fax: (312) 609-5005

*Attorneys for Plaintiff*
*REYNOLDS PRESTO PRODUCTS INC.*